UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 16-307 (SRN)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | GOVERNMENT'S MOTION TO |
| v.  ) | STAY § 2255 PETITION |
| ) | PROCEEDINGS |
| ANTHONY MICHAEL NORTON, ) | |
| ) | |
| Defendant. ) | |

The United States of America, by its undersigned attorneys, hereby respectfully moves this Court for its Order staying the § 2255 proceedings in this matter, pending the outcomes of certain matters currently before the Eighth Circuit Court of Appeals that may significantly affect or possibly control the analysis and potential relief sought by the present proceedings. The Government's response is currently due on March 2, 2022. (ECF 84) Undersigned counsel yesterday conferred with AFD Keala Ede, Mr. Norton's appointed counsel of record, and he stated that he had no objection to the Government's present motion.

On February 2, 2022, the defendant filed his § 2255 petition, seeking to vacate, and be resentenced without regard to, his ACCA-based 180-month enhanced sentence under 18 U.S.C. § 924(e), asserting an "actual innocence" claim that he no longer has the requisite three predicate felonies for either violent felonies or serious drug offenses within the meaning of the ACCA. (ECF 82 at 1) Specifically, the defendant asserts that his 2006 Minnesota fourth-degree controlled substance sale conviction no longer qualifies as a

serious drug offense under the ACCA because Minnesota's definition of methamphetamine is purportedly overly broad.  (Id. at 15-18)

The defendant also cites and relies on a few district court decisions that apparently ruled in accord with the defendant's claim, including *United States v. Henry*, No. 19-303 (SRN) and *United States v. Owen*, No. 20-195 (ADM).  (Id. at 18-19)  The United States filed notices of appeal in both *Henry* and *Owen*, and both cases are currently pending before the Eighth Circuit.  *See United States v. Owen*, No. 21-3870, *appeal docketed* (8th Cir. Dec. 16, 2021); *United States v. Henry*, No. 22-1036, *appeal docketed* (8th Cir. Jan. 5, 2022).  The Eighth Circuit's decisions in these analogous matters may significantly affect or possibly control the analysis and outcome of the present proceedings.

"A district court has broad discretion to stay proceedings when appropriate to control its docket."  *Sierra Club v. U.S. Army Corps of Engineers*, 446 F.3d 808, 816 (8th Cir. 2006) (citing *Clinton v. Jones,* 520 U.S. 681, 706 (1997)).  This inherent authority extends to staying proceedings pending resolution of related matters in other courts to promote "the efficient and expedient resolution of cases."  *Dietz v. Bouldin*, 579 U.S. 40, 47 (2016) (citing *Landis v. North American Co.*, 299 U.S. 248, 254 (1936)).  A stay of the current proceedings pending the above-referenced decisions by the Eighth Circuit will promote judicial economy, respect judicial comity, and conserve the time and resources of the parties.

3

For all of the foregoing reasons, the United States respectfully requests that this matter be stayed until the Eighth Circuit decides the issues in *Owen* and *Henry*.

Dated:  February 3, 2022           Respectfully submitted,

CHARLES J. KOVATS, JR.
Acting United States Attorney

/s/ *Benjamin Bejar*
BY: BENJAMIN BEJAR
Assistant United States Attorney
Attorney ID No. 351131